# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6273 | **DATE** | 9/10/2007 |
| **CASE TITLE** | Krawczyk vs. Centurion Cap. Corp., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies defendants' motion to dismiss Counts 4 through 6 of plaintiff's amended complaint [docket no. 42]. Defendants' motion to dismiss Counts 4 through 6 of the original complaint is terminated as moot [docket no. 34]. Defendants are directed to answer all remaining counts of the amended complaint by no later than 9/21/07. The case is set for a status hearing on 9/25/07 at 9:30 a.m.

■[ For further details see text below.]                                        Docketing to mail notices.

## STATEMENT

David Krawcyzk has sued two debt collection firms, Centurion Capital Corp. and Palisades Acquisition XVI, LLC, and a law firm, Blatt, Hasenmiller, Leibsker & Moore, LLC. He alleges that all of the defendants violated the Fair Debt Collection Practices Act and that Centurion and Blatt committed state law malicious prosecution. Centurion and Blatt have moved to dismiss Krawczyk's malicious prosecution claim (Count 4 of the amended complaint), and Palisades and Blatt have moved to dismiss two of Krawczyk's FDCPA claims (Counts 5 and 6).

In his amended complaint, Krawczyk alleges that in July 2006, Centurion, represented by Blatt, sued him in state court to collect an alleged credit card debt to Providian Bank that had been assigned to Centurion for collection. Krawczyk disputes that he owes the debt and contends the lawsuit was time-barred. He also alleges that he did not receive any communication from Centurion containing the "validation notice" required by the FDCPA, 15 U.S.C. § 1692g, before the suit was filed. In August 2006, Krawczyk's attorney sent Blatt a letter demanding validation of the debt but received no response. In September 2006, Krawczyk's attorney made a similar inquiry by telephone but was told that Blatt's policy was not to respond to such inquiries when a lawsuit was on file. The case was set for trial in November 2006 but was dismissed on the day of trial because Centurion had no witness who could establish a *prima facie* case against Krawczyk.

On March 29, 2006, Blatt wrote Krawczyk's attorney on behalf of Palisades, stating that it had acquired the debt from Centurion, that the matter had been referred to Blatt for collection, and that $1,419.38 was due. The letter advised that it was an attempt to collect a debt and that Blatt was acting pursuant to the FDCPA. It advised the recipient what would happen if "you" disputed or did not dispute the debt and what was necessary to assert a dispute.

In Count 4, Krawczyk alleges that Centurion and Blatt maliciously prosecuted him in the state court lawsuit

**STATEMENT**

in that they lacked probable cause for the suit, acted with malice, and yet pursued the suit, causing Krawczyk damage. Centurion and Blatt seek dismissal of this claim under Federal Rule of Civil Procedure 12(b)(6) on the ground that exhibits attached to the complaint establish that probable cause existed. The first such exhibit cited by defendants, however, is not an admission or statement by Krawczyk; rather, it is the complaint that Blatt filed on Centurion's behalf in the state court suit, to which an affidavit by Centurion was attached. This is not the type of exhibit that can "trump" a contradictory allegation in the complaint. Krawczyk was in no way adopting the exhibit by attaching it to his complaint; rather, he was simply putting into the record the documents that establish that Centurion and Blatt in fact sued him. The second exhibit cited by defendants is, in fact, an affidavit by Krawczyk, evidently submitted to the state court when the collection lawsuit was pending. In the affidavit, Krawczyk admits he had an account with Providian, says he closed the account in 1999, claims he never heard anything from Providian or anyone else after that, and says he owes no money on the account. The Court is hard pressed to see how this undermines Krawczyk's ability to prove any of the elements of malicious prosecution. The Court denies the motion to dismiss as to Count 4.

In Count 5, Krawczyk alleges that Palisades and Blatt violated the FDCPA in sending his lawyer the March 2006 letter in that it falsely represented that the debt was owed, *see* 15 U.S.C. § 1692e(2)(A), and because they committed an unfair practice by attempting to collect a debt that they knew was not owed, *see id.* § 1692f(1). Palisades and Blatt seek dismissal of this claim under Rule 12(b)(6) on the ground that communications sent to a debtor's attorney fall outside the coverage of the FDCPA. The Court is somewhat skeptical of this argument. The FDCPA defines potentially actionable "communications" as including "the conveying of information regarding a debt directly or indirectly to any person through any medium," 15 U.S.C. § 1692a(2); the use of the phrase "directly or indirectly" seems to allow for communications made with other persons that are intended to reach the debtor, as likely was the case with Blatt's letter to Krawczyk's lawyer. In addition, though not dispositive, the Court notes that Blatt's letter specifically stated that it was made pursuant to the FDCPA. On the other hand, the Court acknowledges that some district courts in this Circuit have held that communications of this type do not run afoul of the FDCPA.

Though there is no appellate level ruling directly on point, defendants have advised the Court that a case presenting the issue raised in their motion to dismiss is awaiting oral argument before the Seventh Circuit in about a week. *See Captain v. ARS Nat'l Servs., Inc.,* Case No. 06-3129 (7th Cir.). For that reason, and because allowing Counts 5 and 6 to proceed for the time being is unlikely to affect the scope of discovery in any material way, the Court believes the appropriate course is to deny defendants' motion, though without prejudice to raising the same argument following the Seventh Circuit's anticipated decision, whether by way of a motion for summary judgment or otherwise.

For these reasons, the Court denies defendants' motion to dismiss Counts 4 through 6 and directs defendants to answer those claims by no later than September 21, 2007.